UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARIA CEMPA and MARK CORDISCO,

        Plaintiffs,

   v.

SAXON MORTGAGE SERVICES, INC.,
et al.,

        Defendants.
_____/

Civ. No. S-09-2235 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motions of defendants Saxon Mortgage Services, Inc., Lime Financial Services, Ltd., Mortgage Electronic Registration Systems, Inc., HSBC Bank USA, National Association, and Deutsch Bank Trust Company Americas FKA Banker's Trust Company to dismiss plaintiffs Maria Cempa and Mark Cordisco's ("plaintiffs") first amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  On March 9, 2010, plaintiffs filed a statement of non-opposition, requesting that their claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA")

1  be dismissed without prejudice against all defendants.  (Docket #
2  29.)  Accordingly, plaintiffs' TILA and RESPA claims are
3  dismissed.  <u>See, e.g.</u> Fed. R. Civ. Pro. 41(a); <u>Swedberg v.
4  Marotzke</u>, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a
5  motion to dismiss, pursuant to FRCP 12(b), does not prevent the
6  plaintiff from later filing a voluntary dismissal).

7       Dismissal of the TILA and RESPA claims leaves the complaint
8  devoid of any federal claims.  The remaining claims are state law
9  claims for negligence, violation of the California Rosenthal Act,
10 breach of fiduciary duty, fraud, violation of California Business
11 and Professions Code §§ 17200 *et seq.*, breach of contract, breach
12 of the implied covenant of good faith and fair dealing, and
13 wrongful foreclosure.  (Pls.' First Am. Compl. ("Compl.").)

14      Subject to the conditions set forth in 28 U.S.C. § 1367(c),
15 district courts may decline to exercise supplemental jurisdiction
16 over state law claims.  <u>See</u> <u>Acri v. Varian Associates, Inc.</u>, 114
17 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision
18 whether to exercise supplemental jurisdiction should be informed
19 by values of "economy, convenience, fairness, and comity."  <u>Id</u>.
20 at 1001 (citations omitted).  Further, primary responsibility for
21 developing and applying state law rests with the state courts.
22 Therefore, when federal claims are eliminated before trial,
23 district courts should usually decline to exercise supplemental
24 jurisdiction.  <u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343,
25 350 (1988); <u>Gini v. Las Vegas Metropolitan Police Dept.</u>, 40 F.3d
26 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which
27 federal-law claims are eliminated before trial, the balance of
28 factors . . . will point toward declining to exercise

jurisdiction over the remaining state law claims.")(quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

    Accordingly, plaintiffs' complaint is DISMISSED without prejudice.

    IT IS SO ORDERED.

DATED: March 29, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE